**UNITED STATES of America**

v.

**Allen WALKER and Wallace Crawford, Allen Walker, Appellant.**

**No. 17942.**

United States Court of Appeals, Third Circuit.

Argued Dec. 16, 1969.

Decided Feb. 9, 1970.

Irving L. Madnick, Philadelphia, Pa., for appellant.

Victor Wright, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant was tried and convicted on a two count indictment charging him with unlawful sale of narcotics (heroin) on August 21, 1968.

There is only one question at issue before us. A special agent of the Federal Narcotics Division testified at length regarding the facts leading to the arrest and indictment of appellant. He was cross-examined in depth by appellant's attorney. The latter asked the agent whether he knew of any other sales aft-er August 21, 1968 at the tap room where the violation involved took place. The agent answered "Yes". There was no follow-up to that answer on cross-examination. On re-direct, the Government asked the witness to explain his "Yes". The agent answering, detailed such a sale made to him in the said tap room.

On the motion for a new trial to the District Court it was argued "The defendant does not believe that he 'opened the door' by asking the Federal agent whether there were any sales made in the Bar subsequent to August 21st."

We agree with the District Judge that the door was opened and the Government had the right to develop the facts regarding the material brought into the case by the defendant. If the Government had failed to clarify the situation, the jury might well have been unfavorably impressed by the unexplained attitude of the Government. A well considered decision in the same district, United States v. Evans, 239 F.Supp. 554, 559 (E.D. Pa.1965), aff'd. 359 F.2d 776, 777 (3 Cir.1966), cert. den. 385 U.S. 863, 87 S.Ct. 120, 17 L.Ed.2d 90, held by Judge Kraft that "Where a witness has been cross-examined as to a part of a conversation statement, transaction, or occurrence, the whole thereof, to the extent it relates to the same subject matter and concerns the specific matter opened up may be elicited on redirect examination." See also Cafasso v. Pa. R.R. Co., 169 F.2d 451 (3 Cir.1948); United States v. Miller, 381 F.2d 529, 538 (2 Cir.1967); United States v. Agueci, 310 F.2d 817, 834 (2 Cir.1962). Wharton's Criminal Evidence, Vol. 3 (12th ed.) § 897 states "On re-direct examination, a witness may be questioned as to the basis for an opinion expressed or his motives or reasons for statements elicited on cross-examination." Section 896 of the same volume soundly states as follows:

"Indeed, the cross-examination of a witness may open the door for the admission on redirect examination of matters tending to support the case,

which would not have been admissible on the case in chief * * * The conduct of the examination of a witness on his redirect examination and whether or not a question is proper, whether or not new matter should be admitted, or whether there should be an explanation or avoidance of new matter brought out in the cross-examination, are questions that are largely within the discretion of the court."

We are satisfied that the allowance of re-direct examination of the agent as to the information developed on his cross-examination was at least a matter of discretion with the trial judge.

The judgment of the District Court will be affirmed.